UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**Joseph A. Dickson**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

## **LETTER ORDER**

July 17, 2012

Re: **Scott Turner v. New Jersey State Police, et al.
Civil Action No. 08-5163(CCC / JAD)**

Dear Counsel:

There are several matters currently pending before this Court. First, Plaintiff filed a motion for sanctions for spoliation of evidence. ECF 113. Second, Plaintiff filed a motion for intentional and negligent concealment and spoliation of evidence. ECF 128. Third, Plaintiff filed a motion to compel discovery. ECF 133. Fourth, Plaintiff filed a letter regarding extension of discovery, seeking permission to file an order to show cause as to why Defendants have not complied with their discovery obligations, and asking the Court to order Defendants to pay for and produce transcripts of all hearings. ECF 143. Finally, the Court will address various issues concerning the way the case shall proceed going forward. The Court will address each matter in turn.

1. Motion for Sanctions for Spoliation of Evidence (ECF 113)

This motion concerns the alleged destruction by Detective Couts of the Compliance Unit's "log book," which Plaintiff claims would exonerate him from one of the charges in the disciplinary proceeding and show that the disciplinary proceeding is a sham. The Court heard oral argument on this issue during the March 28, 2012 status conference, and need not recite all

1

the arguments here. During the status conference, the Court expressed concern about whether the log books were relevant to the claims at issue in *this case*, and whether there was enough evidence for the Court to decide whether or not spoliation had occurred. Following the conference, Defendants' counsel, Deputy Attorney General Rizzo, filed a letter indicating that he had questioned Detective Couts about the log book, and that he was assured that nothing was destroyed and all communications were turned over in one form or another. Defendants' offered to make any documents, certifications or live testimony from Detective Couts available to the Court.

At the outset, the Court notes that the "sanction" Plaintiff is seeking is improper; Plaintiff does not state what type of specific sanction he is seeking, but merely requests a "sanction" be entered against Defendants along with an Order from this Court restoring him to active duty assignment with full back-pay and benefits from the date of his suspension. Essentially, Plaintiff wants this Court to rule in his favor on the entirety of his case based on the alleged spoliation of the log book. This Court is not so inclined.

Given the procedural posture of this case, namely that Plaintiff just filed a supplemental pleading on July 5, 2012 and Defendants still have time in which to respond, the Court finds that the instant motion is premature. When, and if, this case proceeds to trial, Plaintiff may move for sanctions for the alleged destruction of the log book if he deems it appropriate. Accordingly, at this time, Plaintiff's motion for sanctions is denied without prejudice.

2. <u>Motion for Intentional and Negligent Concealment and Spoliation of Evidence (ECF 128)</u>

   a. Ten (10) Requests from the First Request for Production of Documents

Plaintiff alleges that during an April 21, 2011 in person status conference before the Honorable Madeline Cox Arleo, U.S.M.J., the magistrate judge then assigned to the case, Defendants were ordered to produce documents in response to ten (10) of his requests in his First Request for Production of Documents, but have failed to produce the relevant materials. Specifically, Plaintiff moves for sanctions based on the failure of Defendants to provide the following:

- Management Accountability Conference documents, June 2005,
- Personnel files and disciplinary interventions against Defendants,
- Supplementary Internal Investigation Attachment 3,
- EAP documents,
- Whistleblower and Conscientious Employee Protection Act ("C.E.P.A") complaints and responses, reports to follow by May 15, 2011,
- Communications involving S.F.C. O'Shea,
- Royster Case,
- Communications from the Office of State Police Affairs ("O.S.P.A.") and its successor agency, the Office of Law Enforcement Professional Standards,
- Positions numbers and Lieutenant vacancies for a three year period,
- Privilege logs regarding Requests for Production Set 2, and Set 3.

Pl. Br. at 2, ECF 128.

The Court has thoroughly reviewed the transcript from the April 21, 2011 conference. ECF 125. Based on Judge Arleo's rulings during the conference, as well as the parties' submissions, the Court's findings with regard to the ten (10) requests are as follows.

As to the June 2005 Management Accountability Conference documents, Defendants indicated in their Opposition, dated May 21, 2012, that additional documents have been located and were being produced under separate cover with the appropriate Bates stamps. Given that it has been nearly two months, the Court presumes these documents have been produced; however, if they have not already been turned over, Defendants must produce the relevant documents by July 24, 2012.

As to the personnel files and disciplinary interventions against Defendants, Judge Arleo ruled that Plaintiff was *not* entitled to the entire personnel file, but that Defendants had to provide Plaintiff with any final reports regarding an internal investigation, provided the file was closed, related to claims for retaliation or discrimination against the individual Defendants. *See* April 21, 2011 Tr. at p. 21-22, ECF 125; *see also id.* at p. 63 (reiterating that Plaintiff was not entitled to personnel files). Judge Arleo further ordered Defendants to provide Plaintiff with the name and docket numbers of any lawsuit that involved claims for retaliation or discrimination against Defendants. *See* April 21, 2011 Tr. at p. 22, ECF 125. Defendants indicate that they have turned over the docket numbers for civil complaints as well as the names of those Defendants who had internal retaliation or discrimination claims filed against them. In relation to the internal affairs complaints, it is unclear from their response whether Defendants have provided Plaintiff only with the name of the Defendant involved or with the final report, as directed by Judge Arleo. This matter will be addressed during the in person status conference scheduled for July 17, 2012 at 2:30 p.m. and the parties shall be prepared accordingly.

As to the supplementary internal investigation attachment 3, Defendants indicated during the April 2011 conference they had already turned over the document, but would nonetheless confirm the document had been turned over. In their Opposition, Defendants again assert that this document has been turned over, that it is Bates stamped NJSP-TURNER 551, and that they have repeatedly informed Plaintiff of same. Accordingly, Plaintiff's request is moot.

As to the EAP documents, Judge Arleo directed Plaintiff to either submit a consent order to the Court or to issue a subpoena to the appropriate branch of the Attorney General's Office in order to get the requested documents. *See id.* at p. 26-27. Accordingly, it was incumbent upon Plaintiff, *not* Defendants, to take the next steps to procure these documents.

As to the whistleblower and C.E.P.A. complaints, Judge Arleo ordered that Plaintiff was only entitled to whistleblower and C.E.P.A. complaints[1] and only for the time period of 2004-2008. *See id.* at p. 34-37, 48. Likewise, Judge Arleo ruled that Defendants must produce the documents related to the Royster case, provided it was a whistleblower case, even though it was from 2003. *Id.* at p. 37. Defendants assert that after the case was reassigned and it appeared a settlement would be reached, they suspended their efforts to identify and locate these files, and only restarted their search after it became clear in March 2012 that the case would not settle. Defendants further assert that, while searches are underway at the Division of Law as well as the State Police, it is a time consuming process due to the way records of internal complaints and civil actions are kept, searching each case to determine the trooper involved, the nature of involvement, and the nature of the complaint. While the Court is mindful that discovery often takes a back seat while parties engage in settlement negotiations, and accepts Defendants' assertion that the search of the records is time consuming, the Court is likewise cognizant of the fact that Judge Arleo's order regarding the production of these materials was issued over one year ago. To that end, it is time to wrap up this aspect of discovery. Defendants are ordered to produce all whistleblower and C.E.P.A. complaints from 2004-2008 (as well as the Royster case, if found to be a whistleblower/C.E.P.A. case) to Plaintiff by August 17, 2012.

As to the communications regarding S.F.C. (now Major) O'Shea, Defendants indicated during the April 2011 status conference that they had already turned over Plaintiff's entire pension file as well as any investigative material involving Major O'Shea pursuant to another

---

[1] Plaintiff requested various types of complaints, for example complaints involving sexual harassment and employment discrimination. Judge Arleo repeatedly ruled that any complaints aside from whistleblower and C.E.P.A. complaints were outside the scope of relevant discovery. *See e.g.* April 21, 2011 Tr. at p. 32-35, 37-40, 42-43, 63.

request. Defendants reiterate this point in their Opposition. However, Defendants also disclose that, with regard to their

> attempt to secure minutes of the meeting in which [P]laintiff's pension application was considered, it should be made known that, because of confidentiality and attorney-client considerations exerted by the Pension Board, those minutes, if they do indeed exist, were not obtained. Other public documents concerning the action of the Board that date have been obtained and will be provided to plaintiff in their successive Bates stamp numbers.

Def. Br. at 11, ECF 137. It is entirely unclear whether Defendants have provided Plaintiff with a privilege log that includes an entry related to the pension board minutes, as required, and/or whether, if Plaintiff objects to the assertion of such a privilege, the parties have met and conferred regarding the issue. This issue will be further addressed during the in person status conference.

As to communications from O.S.P.A. and its successor agency, Defendants indicated that they had already turned over everything except privileged material, and Plaintiff was given a privilege log which identified those documents, who they were between, the dates, substance, and the privilege claimed. *See* April 21, 2011 Tr. at p. 43-45. Judge Arleo directed Plaintiff to review the privilege log and make a separate application regarding a specific document on the privilege log if he deemed appropriate. *Id.* Plaintiff did not make any such application.

As to the position numbers and lieutenant vacancies, Defendants indicated they already produced the documents for years 2005-2006, which are Bates stamped 2155-2281. During the April 21, 2011 conference, Judge Arleo directed Defendants to expand the time period to include 2008. *Id.* at p. 62. Defendants indicated in their Opposition that the documents are being produced under separate cover. Like with the June 2005 Management Accountability Conference, given that it has been nearly two months, the Court presumes these documents have

6

been produced; however, if they have not already been turned over, Defendants must produce the relevant documents by July 24, 2012.

As to the privilege logs, Judge Arleo directed Plaintiff to review the privilege logs, identify the specific documents at issue, meet and confer with Defendants, and, if still at issue following the meet and confer, submit a letter to the Court detailing which documents he was challenging and the basis for that challenge. *Id.* at 67-72. Again, Plaintiff did not do so. Moreover, to the extent Plaintiff is moving for sanctions based on privilege logs related to the Second and Third Requests for Production of Documents, Defendants have indicate no privilege logs exists because the requests were not denied on the basis of privilege, but rather denied for the reasons discussed more fully below.

Accordingly, with regard to these ten (10) requests, Plaintiff's motion is granted in part and denied in part as laid out above.

b. Secret Telephone Recordings, Videotapes, and Electronic Discovery

Plaintiff also alleges that "Defendants failed to disclose the existence of surveillance logs, secret telephone recordings, and electronic surveillance data," which Plaintiff claims is relevant to his claims of racketeering and retaliation. Pl. Br. at 3, ECF 128. In Defendants' opposition, they assert that they do not have such material in their possession, nor are they aware of whether such materials exist. However, Defendants go on to state that to the extent any such materials exist, it appears that Plaintiff has in fact been provided with these materials—albeit in connection with the disciplinary proceeding and from a different Deputy Attorney General, namely Victor DiFrancesco. *See* Def. Br., Ex. D & E, ECF 137. If Plaintiff has in fact received these materials, his motion is denied as moot; if he has not received these materials, the Court will address the matter during the in person status conference.

c. Criminal Obstruction

Finally, Plaintiff asserts that Defendants' alleged intentional destruction and concealment of evidence in a civil R.I.C.O. case constitutes criminal obstruction of justice in violation of 18 U.S.C § 1519; in the same vein, Plaintiff also asserts that Defendants engaged in a conspiracy to obstruct justice in violation of 18 U.S.C. § 1503, intimate a witness in violation of 18 U.S.C. § 1512, and to further the activities of a racketeering enterprise in violation of 18 U.S.C. § 1964(d). To that end, Plaintiff has asked the Court to "order an investigation to determine if members of the New Jersey Department of Law & Public Safety had a role in ignoring District Court orders," and to "determine whether political operatives within the administration of Governor Chris Christie played a role in suppressing evidence and obstructing justice after Plaintiff alerted the Governor in person, face to face, that criminal racketeering was taking place within the New Jersey Office of Attorney General and State Police." Pl. Br. at 5, ECF 128. At the outset, the Court notes that the statutes cited above pertain to investigations by *federal law enforcement agencies*—they cannot be invoked by a layperson and are not applicable in civil proceedings. Moreover, even *if* it were within this Court's purview to grant the relief Plaintiff is seeking— which it is not—the Court would not be so inclined and Plaintiff has provided no grounds for the Court to do so. Accordingly, Plaintiff's motion is denied.

Based on the foregoing, Plaintiff's motion is granted in part and denied in part.

3. Motion to Compel Discovery (ECF 133)

Plaintiff moves to compel discovery responses to his Second and Third Requests for Production of Documents. In his brief, Plaintiff asserts that during the April 21, 2011 conference, Judge Arleo directed the parties to meet and confer regarding the Second and Third Requests for Production of Documents, that the parties did meet and confer, and that Defendants

summarily rejected the requests. Plaintiff further asserts that he has repeatedly requested the information from Defendants to no avail.

In response, Defendants assert that they have produced approximately 7,200 documents.[2] Defendants further assert that with regard to the Second Request for Production of Documents, they have produced all relevant documents with regard to Requests #3 and 4, and all other requests are either repetitious of materials already provided, seek materials that Judge Arleo specifically denied, or are irrelevant and/or outside the time period set forth by Judge Arleo. With regard to the Third Request for Production of Documents, Defendants assert that the request pertains to an incident that is outside the scope of relevant discovery as decided by Judge Arleo. Finally, Defendants note that Plaintiff failed to follow Judge Arleo's direction to inform the Court of any dispute following the meet and confer, and failed to comply with the applicable Rules prior to filing the motion.

As noted above, the Court has reviewed the transcript of the April 21, 2011 conference. The Court notes that Plaintiff was directed to alert the Court via letter within a month of the meet and confer if there were outstanding issues with regard to the Second and Third Requests for Production of Documents, and he failed to do so. Putting that fact aside, the Court will turn to the specific document requests at issue.

As to the Second Request for Production of Documents, to the extent that Defendants assert that Requests # 6, 7, 8, 13, 14, 15, 17, 23, and 41 are repetitious of materials that have already been requested and produced, there is nothing to suggest that Defendants' are being less

---

[2] Defendants note that they are still in the process of identifying and turning over the C.E.P.A. cases.

than candid with the Court, and the Court accepts Defendants' assertion.[3] Accordingly, to the extent Plaintiff moved to compel responses to these requests, Plaintiff's motion is denied.

With regard to Requests # 1, 2, 16, 18, 19, 20, 24-40, 42 and 44, the Court agrees that these requests were already specifically denied by Judge Arleo.[4] For example, Judge Arleo specifically denied Plaintiff's request for edailie entries for the period of September 2005 to April 2005, and that the Court would only entertain a request if it is narrowed to a specific day or week, *see* April 21, 2011 Tr. at p. 54, ECF 125; yet, request #1 seeks edailies between September 1, 2005 and January 6, 2006 for Defendants. Likewise, Judge Arleo ruled Plaintiff is not entitled to "signed acknowledgment forms" relating to state police policies, as requested in Request #14, because Defendants indicated they will stipulate that all state troopers receive these policies. *Id*. at 64. Finally, Judge Arleo repeatedly ruled that Plaintiff is not entitled to documents relating to non-whistleblower and C.E.P.A. complaints, such as those concerning equal employment opportunities as requested, for example, in Request #20. *Id*. at 48. Accordingly, there was no basis for Plaintiff to move to compel responses to these requests, and Plaintiff's motion is denied.

---

[3] In fact, a review of the transcript shows many instances where Plaintiff requests documents that Defendants have already turned over.

[4] In Plaintiff's Reply Brief in support of his motion to compel, Plaintiff asserts that the discovery requests at issue were never ruled on by the Court, and suggests that Defendants' assertion to the contrary is disingenuous. It is true that Judge Arleo did not specifically rule on the requests in the Second and Third Requests for Production of Documents. See April 21, 2011 Tr. at p. 65-67, ECF 125 (noting that because the parties had not met and conferred, the Court would not rule on the requests). However, it is *equally* true that Judge Arleo denied several requests for documents in the First Request for Production of Documents on the grounds that the categories of requests were outside the scope of relevant discovery, and these same categories are contained within the Second and Third Requests for Production of Documents; the Court clearly contemplated its rulings regarding relevance would carry forward to the future document requests. See id. at p. 66, lines 21-25 ("I made some rulings today. Those rulings may impact the second request. You saw where I was headed... meet and confer... and you can talk about [Plaintiff's] additional requests in light of my rulings.").

Within the Second Request for Production of Documents, the only other Requests that have not been specifically addressed are # 5, 9-12, 21, 22, 43, and 45.[5] The Court will address these requests during the in person status conference.

As to the Third Request for Production of Documents, Plaintiff is seeking information related to "the Birmingham investigation." Judge Arleo ruled that Plaintiff is only entitled to material related to C.E.P.A. complaints, and only those that occurred in the 2004-2008 time period. Defendants assert that the Birmingham incident involves neither a C.E.P.A. complaint nor the relevant time period; Plaintiff has not refuted this assertion. Since Judge Arleo already ruled that incidents involving other types of complaints, for example equal employment opportunities, along with any incidents that occurred outside the 2004-2008 time period, are beyond the scope of relevant discovery, there was, again, no basis for Plaintiff to move to compel responses to this request. Plaintiff's motion is denied.

Based on the foregoing, Plaintiff's motion to compel is denied.

4. <u>Plaintiff's June 7, 2012 Letter (ECF 143)</u>

First, with regard to the extension of discovery, the Court notes that Defendants agree an extension is appropriate. Given that Plaintiff filed a lengthy supplemental pleading on July 5, 2012, and Defendants still have to respond, the Court agrees the discovery end date must be extended. The new end date will be set during tomorrow's in person status conference.

Second, Plaintiff's request to file an order to show cause is denied. As discussed in detail above, Plaintiff's motions regarding discovery disputes have been addressed; in resolving the

---

[5] The Court notes that Defendants have argued that Request #12 was already denied by Judge Arleo. This Court disagrees. Judge Arleo denied Plaintiff's request for edailies when the request spanned a period of time, but indicated the Court would entertain a request for a specific date. It appears that Request #12 is looking only for entries from December 15, 2005, though the Court notes the language is open to interpretation.

disputes, the Court has either denied Plaintiff's request or has ordered Defendants to produce the relevant documents. Accordingly, there is no basis for Plaintiff to file an order to show cause.

Finally, Plaintiff's request to have the Court order Defendants to pay for and produce transcripts of all hearings and conferences is denied. Defendants are not responsible for Plaintiff's litigation costs. Moreover, the Court agrees with Defendants that *if* Plaintiff believes such a remedy is appropriate, he must file a proper application that conforms to the applicable federal and local rules.

5. Procedure Going Forward

There are several issues the Court needs to address to ensure the case progresses as efficiently and fairly as possible going forward. First, if a discovery dispute arises, the parties must engage in the meet and confer process, as required by Federal Rule of Civil Procedure 37 and Local Civil Rule 37.1. Second, if the meet and confer process is unsuccessful, the parties are to alert the Court via letter regarding any dispute prior to filing a motion; no discovery motions may be filed without prior leave of the Court.

Finally, while the Court is cognizant of the fact that Plaintiff is proceeding in this case *pro se*, and mindful of the leniency often afforded *pro se* plaintiffs, the Court is also aware that Plaintiff is a licensed attorney who is admitted to practice in the Eastern District and Southern District of New York. As such, Plaintiff is presumably familiar with the federal rules and federal practice. Furthermore, during the April 21, 2011 conference, Judge Arleo informed Plaintiff that, as a lawyer, he would be held to a higher standard than that of a non-lawyer *pro se* plaintiff. April 21, 2011 Tr. at p. 66, lines 7-20, ECF 125. Judge Arleo also cautioned Plaintiff that his discovery requests were "borderline abusive" in their numerosity, scope, and breadth. *Id*.; *see also id*. at p. 45, lines 10-19 (noting "that discovery has reasonable limits" and Plaintiff's 111

document requests,[6] several of which were "overbroad," was "unprecedented"). The Court finds it is necessary to reiterate these points, and to remind Plaintiff that he must abide by the federal and local rules, both when propounding discovery requests and when filing any correspondence, or motion, with this Court.

SO ORDERED

*/s/ Joseph A. Dickson*

JOSEPH A. DICKSON, U.S.M.J.

cc:   Hon. Claire C. Cecchi, U.S.D.J.

---

[6] The 111 document requests were contained in the First Request for Production of Documents. As discussed in Part 2 and Part 3, *infra*, Plaintiff also served Defendants with a Second and Third Request for Production of Documents, which contained 45 and 2 document requests respectively. The Court notes that Plaintiff has apparently served Defendant with a Fourth Request for Production of Documents, which included an additional 13 requests covering the time period of 2004-2010.