**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| Scott Turner, | Civil Action No. |
| Plaintiff, | 2:08-CV-5163-KM-SCM |
| v. | **OPINION AND ORDER ON DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL PLEADING** |
| New Jersey State Police, et al., | |
| Defendants. | **[D.E. 174]** |

STEVEN C. MANNION, United States Magistrate Judge.

I.    **INTRODUCTION**

Before this Court is Defendants' Motion to Strike Plaintiff's Supplemental Pleading and for an order deeming Plaintiff's Second Amended Complaint (Docket Entry ("D.E.") 21) as the operative complaint in this matter.  (D.E. 174).  Defendants claim the supplemental pleading failed to comply with Federal Rules of Civil Procedure 15(d) and the Court's order. *Id.*  Plaintiff, appearing p*ro se,* opposes Defendants' motion, asserting the pleading was made in compliance with the applicable Rules.  (D.E. 175).  Pursuant to Federal Rules of Civil Procedure 78, no oral argument was heard.  Upon consideration of all submissions and for the reasons stated below, Defendant's Motion to Strike is granted in part and denied in part.

## II.   <u>BACKGROUND AND PROCEDURAL HISTORY</u>

This matter arises from Plaintiff's demotion as the Unit Head of the Research and Innovation Unit, to the Assistant Unit Head of the Research and Innovation Unit when he refused to "participate in misconduct, discrimination, . . . or conceal fraud" occurring in the Department of Law and Public Safety.  (D.E. 1, Complaint).  Plaintiff alleges that on or about June 26, 2004, he was assigned to the New Jersey State Police Academy ("NJSPA") as the Unit Head of Research and Innovation Unit, which included overseeing and evaluating state police training for compliance with the Department of State Police and consent decree mandates. *Id.* at ¶¶ 1-2.  In October 2005, Plaintiff met with a federal monitor and delivered his assessment that the NJSPA training was not in compliance, despite being previously asked by his superiors to change his assessment to ensure the NJSPA retained consent decree compliance. *Id.* at ¶¶ 7-11.  Beginning in January 2006 and continuing until Plaintiff's demotion in October 2008, Plaintiff reported fraud, filed several labor grievances and Conscientious Employee Protection Act ("CEPA") complaints for a threatening, intimidating and hostile working environment caused by Defendants. *Id.* at ¶¶ 31, 34, 36, 45, 48, 55-57, 60, 66, 68 71 and 77.

On October 20, 2008, Plaintiff commenced this action alleging violations of the New Jersey Constitution, Article I, Paragraph 1, 5, 6, 18, and 19; CEPA, N.J.S.A. 34:19-1 et seq.; intentional infliction of emotional distress; negligence; tortious interference with a contractual relationship between the State of New Jersey and Plaintiff; hostile work environment; New Jersey Law Against

2

Discrimination ("NJLAD"), *N.J.S.A.* 10:5-12 et seq.; Retaliation; and Americans with Disabilities Act, 42 *U.S.C.* §§ 12101 et seq. (D.E. 1).

Two days later, on October 22, 2008, Plaintiff filed his first amended complaint.  He added First and Fourteenth Amendment claims; National Labor Relations Act violations, 29 *U.S.C.* §§ 151 et seq.; and Federal Family Medical Leave Act violations, 29 *U.S.C.* §§ 2611 et seq. (D.E. 2).

Thereafter, Plaintiff filed several more amended complaints. However, on March 29, 2010, the Honorable Madeline C. Arleo entered an order granting Plaintiff's motion for leave to file an amended complaint and striking his previously filed amended pleadings, docket entries 8, 9, 10, 12, 15, and 19.  (D.E. 30).  The order indicated that Plaintiff's amended complaint, filed on December 21, 2009, "is deemed filed as plaintiff's second amended complaint as of this date." (D.E. 21, 30).  The Second Amended Complaint asserted additional counts for violations of the New Jersey Family Leave Act, *N.J.S.A.* 34:11B-1 et seq.; disability discrimination; reverse discrimination motivated by race; Racketeering Influenced Corrupt Organization (RICO) violations, 18 U.S.C. §§ 1961, 1962 (b)(c); Civil Rights Act violations, 18 U.S.C. § 1964 et seq.; and conspiracy to engage in RICO. (D.E. 21).  On May 19, 2010, Defendants answered Plaintiff's Second Amended Complaint.  (D.E. 40).

On November 10, 2011, Plaintiff filed a motion for leave to file a supplemental pleading.  (D.E. 105).  Defendants opposed Plaintiff's motion. (D.E. 106). On May 7, 2012, the Honorable Claire C. Cecchi granted Plaintiff's application to file a supplemental pleading.

(D.E. 134). On June 5, 2012, Judge Cecchi entered an order requiring Plaintiff to file his supplemental pleading within thirty days of the order. (D.E. 140). Subsequently, Plaintiff filed his supplemental pleading on July 5, 2012. (D.E. 145).

On December 4, 2012, the Honorable Joseph A. Dickson held a status conference for this matter. (D.E. 158). At the time of the hearing, Defendants had not responded to Plaintiff's supplemental pleading because it included facts that occurred prior to the original and second amended complaint and essentially amended the complaint; consequently, Judge Dickson found and Plaintiff agreed that the supplemental pleading improperly intertwined old and new facts. (D.E. 168, December 4, 2012 Transcript, 8:11-18). Judge Dickson ordered Plaintiff to "file a supplemental pleading, which complies with Judge Cecchi's order dated 5/5/12 (ECF #134), by 12/28/12. Defendant shall respond to the second supplemental pleading by 2/8/13." (D.E. 158).

On February 13, 2013, Defendants filed a motion to vacate Judge Dickson's December 4, 2012 order, barring plaintiff from filing a supplemental complaint and permitting Defendants to re-file their motion for judgment. (D.E. 159). Judge Arleo denied Defendants' motion on August 29, 2013 and issued a revised scheduling order, extending discovery to November 1, 2013 and "thereafter [the parties could] move for summary judgment." (D.E. 160, 161).

On October 1, 2013, Plaintiff filed the subject supplemental pleading. (D.E. 164). On March 31, 2014, Defendants filed a letter requesting additional time to respond to Plaintiff's supplemental pleading. (D.E. 168). On May 14, 2014, Judge Arleo granted Defendants

4

request.  (D.E. 173).  On May 19, 2014, Defendants filed the instant motion to strike, (D.E. 174) and Plaintiff opposed. (D.E. 175).

### III.  <u>**ANALYSIS**</u>

Federal Rule of Civil Procedure 12(f) provides that "[t]he Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts have broad discretion in resolving motions to strike. *Hanover Ins. Co. v. Ryan*, 619 F.Supp.2d 127, 133 (E.D. Pa. 2007).  "The purpose of a motion to strike is to simplify the pleadings and save time and expense by excising from a plaintiff's complaint any redundant, immaterial, impertinent, or scandalous matter which will not have any possible bearing on the outcome of the litigation." *Receivables Purchasing Co., Inc. v. Engineering and Professional Servs., Inc.*, 2010 U.S. Dist. LEXIS 89334 at *6, 2010 WL 3488135 at *2 (D.N.J. Aug. 30, 2010) (quoting *Garlanger v. Verbeke*, 223 F.Supp.2d 596, 609 (D.N.J. 2002)).

However, "[m]otions to strike are usually 'viewed with disfavor' and will generally 'be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'" *Id*. Striking a party's pleading is considered a "'drastic remedy to be resorted to only when required for the purposes of justice.'" *Eisai Co. v. Teva Pharmaceuticals, USA, Inc.*, 629 F.Supp.2d 416, 425 (D.N.J. 2009) (quoting *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F.Supp. 200, 217 (D.N.J. 1993)). "[O]nly allegations that are so unrelated to plaintiffs' claims as to be unworthy of any consideration should be stricken." *Johnson v. Anhorn*, 334 F.Supp.2d 802, 809 (E.D. Pa. 2004).

## IV.   <u>DISCUSSION</u>

Defendants assert Plaintiff's supplemental pleading should be stricken because it does not satisfy the requirement of Rule 15(d) in that Plaintiff adds claims prior to the operative complaint, adds parties unrelated to the original complaint, re-pleads and re-numbers counts, and seeks to join a pending disciplinary action in the Office of Administrative law.  (D.E. 174-1, Def.'s Br. at 3).  Defendants also argue Plaintiff's supplements are futile and frivolous because the addition of the pending administrative matter is pending and unresolved, and therefore futile at this time.  *Id.* at 9.  Plaintiff opposes Defendants' application and argues the claims asserted in the supplemental pleading "include information relevant to Plaintiff's case, [and] the racketeering taking place within the New Jersey Department of Law & Public Safety."[1]  (D.E. 175).

On December 4, Judge Dickson provided Plaintiff with direction in filing his supplemental pleading.  (D.E. 165, Transcript).  The Judge instructed:

> "[A]ll you are to do is to add new facts, and new claims, and new defendants pursuant to those facts.  It's unclear to me whether Judge Cecchi intended that you could allow new defendants on the old facts, but you're not allowed to supplement—to recast your facts.  Your original facts.  If you have learned since then that Officer John Doe was part of the problem in the first complaint, you can say that."
>
> *Id.* at 18:25-19:7).

---

[1] Plaintiff's argument that Defendant's application is out of time is without merit.  (D.E. 175).  Defendant sought leave from this Court for additional time to respond to Plaintiff's pleading, which Judge Arleo granted on May 14, 2014.  (D.E. 168, 173).

While Plaintiff mostly asserted new facts that occurred after the filing of the operative complaint in compliance with Judge Dickson's instructions, Plaintiff failed to comply with the instructions by re-numbering, removing, and adding additional counts, making it once again difficult to distinguish the previously plead claims from the supplemental claims. (D.E. 164).[2]

Plaintiff's supplemental pleading, however, has confused the claims and issues in this case, making it appropriate for the Court to strike it. *See Receivables Purchasing Co.,* 2010 U.S. Dist. LEXIS 89334 at *6, [WL] at *2 (D.N.J. Aug. 30, 2010). Nevertheless, due to Plaintiff's pro se status, the Court will afford Plaintiff a final opportunity to file a revised supplemental pleading that complies with Judge Cecchi's previous order and Judge Dickson's instructions. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (holding pro se complaints to less stringent standards than complaints by attorneys); *Bey v. Daimler Chrysler Services of N. Am., LLC*, 2006 U.S. Dist. LEXIS 32879 at *13, 2006 WL 1344080 at *5 (D.N.J. May 15, 2006) ("pro se plaintiffs are entitled to a certain degree of leniency").

Plaintiff is permitted to add new parties and claims for events that occurred after the filing of the original or operative complaint,

---

[2] Specifically, Plaintiff re-pleads alleged violations of: Rico, Conspiracy to commit Rico, New Jersey Constitution, NJLAD, intentional infliction of emotional distress, First and Fourteenth Amendments, and disability discrimination. (D.E. 164). Plaintiff adds claims for: common law retaliation (for refusal to engage in illegal conduct), Civil conspiracy, Defendant Fuentes-Damage to Plaintiff's Credit rating, unlawful taking of plaintiff's private interests without due process of law in violation of New Jersey and United States Constitutions, and Conspiracy to violate plaintiff's privacy rights under US constitution, federal education rights, privacy act.

but Plaintiff is not permitted to confuse the supplemental pleadings by choosing to re-plead certain counts and not others. *See Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 226-27, 12 L. Ed. 2d 256, 84 S. Ct. 1226 (1964) (approving supplemental pleading alleging new incidents involving new parties because they stemmed from original causes of action).

Given the strict standard for striking pleadings under Federal Rules of Civil Procedure 12(f), the court cannot ascertain whether Plaintiff's allegations are so unrelated to his claims without permitting him the opportunity to re-file. However, the document before the court cannot be properly considered without Plaintiff clearly articulating new facts, parties, and claims that occurred after the facts alleged in Plaintiff's second amended complaint. To ensure judicial economy, Plaintiff will not be permitted to file additional supplemental pleadings to ensure there is no further delay in trial proceedings. *See Wallace v. Graphic Mgmt. Associates,* 197 Fed. Appx. 138, 140 (3d Cir. 2006) (affirming dismissal when pro se plaintiff consistently ignored court orders to produce personal notes and failed to appear at hearings and  status conference). Moreover, the parties will not be afforded additional leniency in complying the deadlines set forth below in this order, to further ensure this case moves toward trial. *See Emerson v. Theil College*, 296 F.3d 184, 187-88(3rd Cir. 2002) (affirming dismissal when pro se plaintiff failed to timely meet deadlines).

For the foregoing reasons, Defendants' motion to strike is granted in part and denied in part.

8

V.    <u>**CONCLUSION**</u>

This Court concludes that Plaintiff's supplemental pleading (D.E. 164) confuses the claims and issues of the case and is therefore deemed stricken.   However, Plaintiff is permitted to file a final supplemental pleading that complies with Judge Cecchi's previous order, affording Defendants due process to respond to Plaintiff's supplemental allegations.   Therefore, for the foregoing reasons, and good cause shown,

IT IS on this day of December 5, 2014,

**ORDERED** that Plaintiff's supplemental pleading (D.E. 164) is stricken; and it is further

**ORDERED** that Plaintiff shall within 14 days of receiving this order file his final supplemental pleading, only including therein new facts, defendants, and claims that happened after the date of the Second Amended Complaint (D.E. 21); and it is further

**ORDERED** that Defendant will respond or file an appropriate motion within 14 days of the filing of Plaintiff's final supplemental pleading as required by Fed.R.Civ.P. 15(d); and it is further

**ORDERED** that counsel for the defendants (Vincent J. Rizzo, Jr., Esq.) shall serve a copy of this order upon Plaintiff and retain proof

of service.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

12/5/2014 12:09:25 PM